## JOHNSON v. GARDNER
### No. CA-80-826
Circuit Court, Manatee County, Civil Division
April 1, 1982

David B. McEwen, for plaintiff.

James S. Purdy, Assistant State Attorney, for defendants.

STEPHEN L. DAKAN, Circuit Judge.

THIS CAUSE came on for final hearing upon the pleadings of the parties. Plaintiff, RICHARD JOHNSON, sought to prohibit enforcement of Section 877.16, Florida Statutes, 1981. This Section of the Statutes declares it to be a second degree misdemeanor to exhibit for pay any "crippled or physically distorted, malformed, or disfigured beast, bird, or animal in any circus, . . . or similar place, or any other place to which an admission fee is charged." Plaintiff claims that this Section violates the United States Constitution and the Constitution of the State of Florida in that the Statute lacks any reasonable standards and is so vague that men of common intelligence must guess at its meaning.

In 1972, the Supreme Court of Florida declared a very similar statute to be unconstitutional on the same grounds as raised by the Plaintiff. In *World Fair Freaks Attractions, Inc., v. Hodges,* 267 So.2d 817 (Fla. 1972). The Supreme Court of Florida found the exact language of 877.16, that is "crippled or physically distorted, malformed or disfigured" to be unconstitutionally vague because this Statute failed to set forth reasonable standards to be followed in its application. The Supreme Court observed that in the form presented to the Court, almost unbridled discretion of individual public officials was given to determine whether or not a particular exhibit fell within the prohibited category.

Although the Supreme Court opinion dealt with the Statute prohibiting exhibition of deformed persons, and mentioned in the opinion the right

of these deformed persons to earn a living by exhibition, this Court can see no distinction between the holding in *World Fair Freaks,* supra, and its application to 877.16. The opinion of the Supreme Court was underlined in the testimony in this case. Two law enforcement officers who observed the exhibits of the Plaintiff, RICHARD JOHNSON, had widely differing opinions about which of the exhibits would constitute a violation of the Statute. Plaintiff also testified that while he had been threatened with prosecution in Manatee County and Leon County, he had exhibited the same show without any law enforcement involvement or interference in several other counties in the State of Florida, including Hillsborough County and Escambia County.

This Court, as did the Supreme Court in *World Fair Freaks* questioned the validity of the Statute as a regulation for the protection of the public health, laws and welfare. The prohibition of the Statute goes only to exhibitions which charge admission, and there is no prohibition against such exhibitions without charge. For the foregoing reason, it is,

ADJUDGED as follows:

1. Section 877.16, Florida Statutes, is declared to be unconstitutional for the reasons set forth herein.

2. Defendants JAMES A. GARDNER, State Attorney of the Twelfth Judicial Circuit, THOMAS M. BURTON, JR., Sheriff of Manatee County, and JIM SMITH, Attorney General of the State of Florida, are hereby prohibited from attempting to enforce the provisions of Section 877.16, Florida Statutes, against the Plaintiff RICHARD JOHNSON.